| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Stephen Carr<br>Special Agent: Dave Alley | Telephone: (313) 226-9100<br>Telephone: (313) 226-0430 | |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
   v.
Arenza Hubbard

Case No. 24-30519

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ in the county of    Wayne    in the   Eastern   District of   Michigan  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(2) | Distribution and receipt of child pornography |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Complainant's signature*

Dave Alley, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: December 6, 2024

*Judge's signature*

Detroit, Michigan

Hon. Anthony P. Patti, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Dave Alley, a Special Agent with the Homeland Security Investigations (HSI), being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with Homeland Security Investigations (HSI), of the United States Department of Homeland Security. I am assigned to the Special Agent in Charge, Office of Investigations in Detroit, Michigan. I have been employed with HSI since March 2007.

2. I have successfully completed the Criminal Investigator Training Program and the Immigration and Customs Enforcement Special Agent Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. I have received bachelor's and master's degrees in criminal justice from Michigan State University. I have successfully completed the Basic Computer Evidence Recovery Training (BCERT) at FLETC, Advanced Computer Evidence Recovery Training (ACERT) at the HSI Cyber Crimes Center and the Cyber Crime Center Mobile and Cellular Device Data Extraction course. I possess an A+ certification and a GIAC Advanced Smartphone Forensics (GASF) certification.

3. While employed by HSI, I have investigated federal criminal violations related to child exploitation and child pornography. I have gained experience through training and everyday work relating to conducting these types of

1

investigations. I have received training in identifying child pornography and child exploitation and have reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media.

4. This affidavit is submitted in support of an application for a criminal complaint and arrest warrant for Arenza Hubbard for violating 18 U.S.C. § 2252A(a)(2) (receipt of child pornography) and 18 U.S.C. § 2252A(a)(2) (distribution of child pornography).

5. The statements contained in this affidavit are based in part on information provided by U.S. law enforcement officers, written reports that I have received, directly or indirectly, from other law enforcement agents, information gathered from investigative sources of information, and my experience, training, and background as a Special Agent.

6. This affidavit is submitted for the limited purpose of securing a complaint and an arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish probable cause that Hubbard violated 18 U.S.C. § 2252A(a)(2) (receipt of child pornography) and 18 U.S.C. § 2252A(a)(2) (distribution of child pornography).

2

## PROBABLE CAUSE

7. On November 19, 2024, an HSI Detroit Undercover Agent (UCA) presented himself on Kik as the father of a daughter under the age of 10. Kik is a chat application which allows users to communicate over the internet via text message, send images and videos, and connect via various shared interests.

8. Kik user "zopumba," later identified as Arenza Hubbard, contacted the UCA via private message. Hubbard asked the UCA if he had "some stuff you want to trade share."

9. Hubbard also sent the UCA, via Kik, at least three videos that meet the federal definition of child pornography, including:

    a. An 8 second video of a minor child rubbing her exposed vagina.

    b. A 48 second video of a nude prepubescent child pushing her bare buttocks against a male penis.

    c. An 11 second video of a prepubescent female exposing her anus.

10. Hubbard also sent screen shots of a conversation he had with Minor Victim-1 (MV-1). Hubbard explained that he believed MV-1 was 9 years old.

11. In the screen shots, Hubbard asks MV-1 "What are your favorite style of clothes" and tells her that he "wish[ed] he had some money right now I would already got that gift for you." Later, when MV-1 told Hubbard that she had made some videos, he told her "how much I wish I could have got one."

3

12. Hubbard also asked MV-1 whether she ever "take it Irl." Based on my training and experience, "Irl" is a commonly used abbreviation for "in real life," which refers to in-person interactions instead of internet-based interactions. And told her "feel special love because to me you are."

13. Later in the conversation with the UCA, Hubbard told the UCA that Hubbard had received a nude image from MV-1. Hubbard also brought up to the UCA the topic of a potential "play date" with the UCA's purported daughter. Hubbard also sent a photo of himself to the UCA.

14. Based on this and other information, I obtained a search warrant for a residence in Detroit associated with one of the primary IP addresses associated with the Kik account.

15. On December 5, 2024, members of the Homeland Security Investigations Special Response Team executed this warrant and found Hubbard at the residence. Hubbard consented to an interview and made the following post-Miranda statements:

    a. Hubbard stated that he resided at the residence.

    b. Hubbard stated that he had Snapchat and that his username was a variation on "zopumba."

4

c. Hubbard was shown the image of the adult male that Kik user "zopumba" sent to the UCA and admitted that it was a picture of him.

d. Hubbard admitted that he used Kik and that his username "might be zopumba." Hubbard later admitted to having sent and received child pornography via Kik. Hubbard admitted to seeing child pornography involving children as young as babies.

e. Hubbard admitted to viewing child pornography on "deep web proxy sites."

f. Hubbard estimated that he had 100 videos of child pornography on his phone involving children from the ages of 8-17.

g. Hubbard admitted to seeing child pornography on another app where he had seen a "little girl doing stuff." Hubbard estimated that this child was seven or eight years old and that she was "touching herself" and that he could see her vagina. Hubbard stated that he recorded this and that it would be on his phone.

h. Hubbard admitted to distributing child pornography within the past "week or two". When asked where he had shared it, Hubbard stated "Telegram."

5

      i.      Finally, Hubbard admitted to sexually assaulting a 9-year-old minor when he was 19 years years old.

16. During the execution of this warrant, agents found Hubbard's Galaxy cell phone in the living room. The number of the phone matched the number provided by Hubbard and the email signed into the phone was a variation on his name.

17. The device included had the Telegram application installed. I have previewed this phone and observed a conversation from November 30 in the Telegram application where a user sends Hubbard a 35 second video depicting a minor child performing oral sex on a male.

18. The user then sent a collage of images that appear to be screenshots of videos. A video length is seen in the corner of each of these images. Some of these images appear to meet the federal definition of child pornography.

19. The conversation ends with the user telling Hubbard how he can pay for the images.

## CONCLUSION

20. Based on the foregoing, there is probable cause to believe that Arenza Hubbard violated 18 U.S.C. § 2252A(a)(2) (receipt of child pornography) and 18 U.S.C. § 2252A(a)(2) (distribution of child pornography).

Respectfully submitted,

_____
Dave Alley, Special Agent
Homeland Security Investigations

Sworn to before me and signed in my presence
and/or by reliable electronic means.

_____
Hon. Anthony P. Patti
United States Magistrate Judge

Date: December 6, 2024